**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF )<br>WESTERN PENNSYLVANIA, as agent for )<br>Philip Ameris, and Paul V. Scabilloni, )<br>trustees ad litem, Laborers' District )<br>Council of Western Pennsylvania )<br>Welfare and Pension Funds, )<br>The Construction Industry Advancement )<br>Program of Western Pennsylvania Fund, )<br>Western Pennsylvania Heavy & Highway )<br>Construction Advancement Fund and the )<br>Laborers' District Council of Western )<br>Pennsylvania and its affiliated local unions and )<br>LABORERS' DISTRICT COUNCIL OF WESTERN )<br>PENNSYLVANIA, )<br> )<br>          Plaintiffs, )<br> )<br>     v. )<br> )<br>R&B CONTRACTING & EXCAVATING, INC. a/k/a )<br>R&B CONTRACTING & EXCAVATION, INC., )<br>WILLIAM J. ROGERS, RICHARD F. ROSCOE, JR.)<br>And RHONDA ROSCOE a/k/a RHONDA STILES, )<br> )<br>          Defendants. ) | Civil Action No. |

**COMPLAINT**

**COUNT I**
**Laborers' Combined Funds of Western Pennsylvania, et al. v. R&B Contracting &**
**Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc.**

**ERISA Collection Action**

1.     Jurisdiction of this action arises under §502 and §515 of the Employee

Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145,

§404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301

of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that R&B

Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc. has failed to pay wage

deductions and fringe benefit contributions to Plaintiff Laborers' Combined Funds of Western

Pennsylvania in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions.

2.     Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15222.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds.  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3.     Plaintiff Laborers' District Council of Western Pennsylvania (hereinafter "**Union**"), maintains its principal place of business at 12 Eighth Street, 6th Floor, Pittsburgh, Pennsylvania 15219.

4.     The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

5.     Plaintiff Union on its own behalf and on behalf of its local affiliated unions and Western Pennsylvania Heavy & Highway Construction Advancement Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

6.     Defendant R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc. ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 4821 Buttermilk Hollow Road, West Mifflin, Pennsylvania 15122.

LIT:630193-1 000004-010359

7.      Defendant Contractor has entered into a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which such Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

8.      Plaintiff Funds have a Consent Judgment in the amount of $902,528.08 pending against Contractor that remains unsatisfied at Docket No. 17-653 in the United States District Court for the Western District of Pennsylvania.

9.      In violation of such Agreement, Defendant Contractor has also failed to make timely payments of principal contributions and wage deductions to Plaintiff Funds for July and August 2017 which has resulted in a principal deficiency of $309,440.70.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $100,000.00.   In addition, interest through October 16, 2017 of $102,645.15, and late charges/liquidated damages of $38,787.31 are due to Plaintiff Funds, for a total deficiency of $450,873.16.  Interest will continue to accrue after October 16, 2017 at the rate of $127.17 per day.

10.     Plaintiff Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

11.     Pursuant to the Agreements and trust agreements of the Funds, Defendant Contractor is also obligated to Plaintiff Funds to pay its reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00).  Such fees and expenses total $90,174.63 through October 16, 2017.  Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until the termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

- 3 -

12.     Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13.     Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against said Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b)  For a money judgment in favor of Plaintiff Funds and against Defendant Contractor in the sum of $541,047.79, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest, late charges/liquidated damages, attorneys' fees of twenty percent (20%) of the total amount due and costs of suit; and

(c)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(d)     For such other and further relief as the Court may deem just.

- 4 -

<u>**COUNT II**</u>
**<u>Laborers' Combined Funds of Western Pennsylvania, et al. v. William J. Rogers, Richard</u>**
**<u>F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles</u>**

**<u>ERISA Breach of Fiduciary Duty Action</u>**

14.     The averments contained in paragraphs 1 through 10 are hereby incorporated by reference herein.

15.     At all times material hereto, individual defendant, William J. Rogers served as the President, Richard F. Roscoe, Jr. served as a principal in charge of field operations and Rhonda Roscoe a/k/a Rhonda Stiles served as the Vice President of Payroll Operations (collectively referred to as "Individual Defendants") of Defendant Contractor at the address listed in Paragraph 6.

16.     At all times material, Individual Defendants are responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by laborers employed under such Agreement.

17.     At all times material, Individual Defendants are also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

18.     At all times material, Individual Defendants also had check signing authority and/or the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

19.     At the time such fringe benefit contributions became due and payable by Contractor to the Plaintiff Funds, such monies became assets of the Plaintiff Funds.

20.     At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Plaintiff Funds.

21.     At all times material, Individual Defendants were aware that Contractor failed to timely pay all required fringe benefits to the Plaintiff Funds.

LIT:630193-1 000004-010359

22.    Nevertheless, Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Plaintiff Funds.

23.    Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

24.    Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Plaintiff Funds.

25.    Based upon the foregoing, Individual Defendants also breached their fiduciary duty to the Plaintiff Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, late charges/liquidated damages, attorneys' fees and legal costs owed by Contractor to the Plaintiff Funds.

26.    The principal contributions owed to the Plaintiff Funds from April 2016 through August 2017 total $814,491.19.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $89,000.00.  In addition, interest through October 16, 2017 of $168,475.03 is due and late charges/liquidated damages of $151,100.05 are due to Plaintiff Funds for a total deficiency of $1,134,066.20.  Interest will continue to accrue after October 16, 2017 at the rate of $334.72 per day.

27.    Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Contractor to the Plaintiff Funds until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Plaintiff Funds that additional amounts are owed by Contractor to the Plaintiff Funds, interest will be assessed on the principal amount thereof at 15% per month and late charges/liquidated damages at twenty percent (20%) times the principal amount owed by Contractor.  In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

28.     Plaintiff Funds have demanded from Individual Defendants payment of all such amounts due, but such Individual Defendants have neglected and continue to neglect to pay such amounts.

29.     Pursuant to ERISA, Individual Defendants are also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.   Such fees and expenses total $226,813.24 through October 16, 2017.  Plaintiff Funds also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff Fund until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles in the amount of $1,360,879.44, plus additional interest from October 16, 2017 at a per diem rate of $334.72, plus legal costs, plus additional charges and fees.

## COUNT III

### Laborers' Combined Funds of Western Pennsylvania, et al. v. William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles

### State Common Law Conversion Action

30.     The averments contained in paragraphs 1 through 10 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

31.     Pursuant to such Agreement, Defendant Contractor withheld monies from its laborers employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32.     In violation of such Agreement, Defendant Contractor failed to remit such deductions for union dues and legislative funds to the Plaintiff Funds.

- 7 -

33.     At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

34.     Individual Defendants exercised dominion and control over the employee wage withholdings in the amount of $100,667.46 and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor and/or the personal debts of Individual Defendants.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $11,000.00.

35.     Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36.     Plaintiff Funds are also entitled to receive from Individual Defendants interest through October 16, 2017 on such late payments of $20,822.76, plus additional interest from October 16, 2017 at $41.37 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendants William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles in the amount of $121,490.22, plus additional interest from October 16, 2017 and costs of suit.

- 8 -

## COUNT IV
### Laborers' District Council of Western Pennsylvania
### v. R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc.

### Wage Claim

37.     The averments contained in paragraphs 1, 3, 5, 6 and 7 are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. §1367.

38.     In violation of such Agreement, Defendant Contractor has failed to make timely payments of wages to members of Plaintiff Union in the amount of $13,388.89.

39.     Defendant Contractor has been requested to submit payment of all such amounts due, but Defendant Contractor has neglected and continues to neglect to pay such wages.

WHEREFORE, Plaintiff, Laborers' District Council of Western Pennsylvania, demands that judgment be entered in favor of Plaintiff Union and against Defendant Contractor in the amount of $13,388.89, and the costs of this action.

**JURY TRIAL DEMANDED**

TUCKER ARENSBERG, P.C.

By: */s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. No. 19814
Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiffs

- 9 -

LIT:630193-1 000004-010359